By the Court.—O’Gorman, J.
These actions are two of a series of actions brought by the plaintiff - company against the defendants to recover rent for premises situ *105 ated at the corner of Broadway and Forty-first street, in this city, known at the time, as the “ Metropolitan Concert Hall.”
Of these actions, two, numbered for convenience sake, 1 and 3, were brought to recover rent which accrued for the use and occupation of the premises by defendants, prior to January 31, 1882, under a lease made by the plaintiff to them on September 26, 1881. These two actions were tried, inquests taken, and judgments duly entered for the plaintiff, which judgments were sustained by the general term of this court and finally by the court of appeals, and were paid by the defendants, with interest and costs.
The two actions now at bar, numbered á and 6, were brought to recover rent claimed by plaintiff to be due it by defendants under the covenants of the said lease, for periods subsequent to January 31, 1882, during which periods the defendants did not use or occupy the premises, but had previously vacated and abandoned them. These actions were referred to a referee to hear and determine, who made his report, dismissing the complaints in both actions, and from the judgments entered on this report, appeals are taken.
There are but two material questions which need now to be discussed. The first question is whether the validity of the lease from the plaintiff company to the defendants was adjudicated, in the affirmative, in the first' actions, 1 and 3, so that defendants are now estopped from denying its validity. The second question is whether the referee, assuming that that question as to the validity of the lease was open for discussion, erred in holding as he did, that the lease was invalid.
The question of the validity of the lease was not adjudicated in the two first actions. It was not in issue in the pleadings, and if it had been pleaded by .the defendants, and in issue, it would not have been of any avail as a defense in those actions. Those actions were brought to recover rent for the use and occupation of the prem *106 ises, during periods when the premises were m fact used and occupied by defendants, in execution of the contract of lease, and defendants were therefore estopped from questioning the power of the lessor to make the lease (Whitney Arms Co. v. Barlow, 63 N. Y. 62).
As to the second question, the referee held that neither by the law of its incorporation, nor by the general law of this state affecting business corporations, was any power vested in the plaintiff to lease the premises ; and that it did not appear that the lease was merely temporary and incident to the general business of the plaintiff, and on that ground he dismissed the complaints. He bases his opinion on section 2, subd. 6, chapter 611, laws of 18Í5, under which the plaintiff corporation was organized, by which it was empowered “to purchase, hold and possess so much real and personal estate as shall be necessary for the transaction of its business, and to sell and convey the same when not required for the uses of the corporation ;” and, also, on section 3 of 1 R. S. chap. IS, title 3, which provides, that in addition to the powers expressly given, “no corporation shall possess or exercise any corporate powers except such as shall be necessary to the exercise of the powers so enumerated and given.” The referee held that these provisions were exclusive, and operated as a prohibition of the exercise of other and distinct powers, of which he held the power to lease would be one.
The facts are briefly these : The plaintiff corporation was not the owner in fee of the premises leased by it to the defendants, but only the lessee, paying a ground rent therefor of $15,400 per annum, together with taxes, assessments, and water rents. The right of the plaintiff corporation to take and hold the premises under this lease was not questioned. The lease itself was not produced at the trial, and it did not appear for what term it was to continue. The plaintiff company occupied the premises as a concert hall, down to September, 1881, and have not given any concerts or musical entertainments there since *107 October 31, 1881. On September 26, 1881, it executed a lease to the defendants, which is in evidence, whereby it leased the premises to them for a period of two months, commencing on October 1,-1881, at a rent of $2,500 per month, payable in advance, with a provision in the lease that the defendants should be entitled to an option, to be determined on or before November 1, 1881, of a further lease for the period of one year, commencing on December then next, at a rent of $600 per week, payable in advance, defendants to have a further option at the expiration of that period, for a further lease of two years at a weekly rent of $750 per week, payable in advance, thus giving to defendants the right to occupy and use the premises for a term of three years. The defendants entered into possession of the premises on October 1,1881, and made various alterations therein, to render them suitable to operatic or dramatic performances. The name was changed from “Metropolitan Concert Hall ” to the “ Casino.” Defendants, exercised the option to extend the lease for one year from December 1, 1881, at the rate of $600 per week, and occupied the premises until January 31, 1882, and have paid rent for the same. On that day, they vacated and abandoned the premises, and the present actions are brought to recover rent accruing, under the covenants of the lease to them for seven months subsequent to January 31, 1882.
Plaintiff did not own or possess any real or chattel property other than these premises, and, since making the lease to the defendants, plaintiff has practically ceased to perform any of the corporate functions provided for in its charter, and if it had been in its power, under the provisions of the lease to it, to sell the premises, or its interest therein as lessee, it would have been justified under the charter in doing so.
The lease to the plaintiff not having been produced, it cannot be presumed that it contained any provision prohibiting the sale of the lease, or requiring the consent of the lessor to such sale, or that any special reason *108 existed, requiring the- execution of a sub-lease to the defendants in order to relieve the plaintiff from the continued payment of the annual rent provided for in that lease.
The referee held, that the possession of the premises was not a necessary incident to the continuing of the plaintiff’s business as provided for in its charter.
There is no evidence that the lease by plaintiff to defendants was necessary in order to carry out any corporate purpose, or for the execution of any corporate powers, or even to save the corporation from any pecuniary loss ; and it cannot be successfully contended that the plaintiff had, under the terms of their charter, any legal . power to lease the premises merely for the purpose of gain or profit to the corporation therefrom.
Unless then, the power to “ sell and convey ” clearly included a power to lease, the plaintiff’s lease of the premises was, at least in the absence of all proof of imperative necessity for the act, ultra vires and void.
The cases cited on the part of the plaintiff (Simpson v. Westminster, &c., H. L. 712, and Featherston Hough v. Lee Moore, H. L. 1 Eq. 318, 329), do not seem to me to apply to the case at bar. The facts in these cases showed necessity, justifying leases by the corporation, and it does not appear that there were provisions in their charters prohibiting their action.
If there were, in fact, any imperative necessity for plaintiff executing this sub-lease to the defendants, the burden of proving the existence of such necessity was on the plaintiff.
It is contended, on the part of the plaintiff, that the referee erred in excluding testimony as to the plaintiff’s reasons for ceasing to give entertainments in these premises. It is not apparent how any answer to that question could tend to relieve plaintiff from the difficulty of its case. In the face of the fact, that the plaintiff company had no other property, real or personal,—that it had not, since' October 1, 1881, given any musical entertain *109 ments anywhere, or, as far as appears, performed any legitimate act; and that its lease to the defendants of the only property the plaintiff possessed rendered its performance of any corporate act impossible—no evidence as to the reasons for ceasing to give entertainments in the premises in question could be material or relevant.
I am of opinion, that in the absence of sufficient proof, that unless by way of lease the plaintiff could not have disposed of the premises in question, the lease made by it to the defendants is illegal and void, and that as far as the plaintiff’s claims for rent in the present actions are concerned, the defendants cannot be held hable to pay rent thereunder.
The judgments should be affirmed, with costs.
Truax, J., concurred.